IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLENN SMITH,

    Plaintiff,

v.                                                    CASE NO.  4:12cv590-RH/GRJ

MICHAEL CREWS, SECRETARY,
DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff Glenn Smith damaged a tooth while he was an inmate in the Florida Department of Corrections.  A dentist told Mr. Smith his only option was to have the tooth pulled because the Department did not provide crowns.  But later a different dentist told Mr. Smith the best treatment was to have the tooth filled.  The dentist filled the tooth—a treatment Mr. Smith acknowledges was satisfactory.

Mr. Smith seeks relief in this action against only a single defendant: the Secretary of the Department of Corrections in his official capacity.  And Mr. Smith seeks only injunctive relief; he does not seek an award of damages.  This accords

with the governing law. *Compare Ex parte Young*, 209 U.S. 123 (1908) (allowing injunctive relief against a state official based on a violation of federal law) *with Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that the Eleventh Amendment bars retrospective relief against a state official-capacity defendant that would be payable from the state treasury).

Each side has moved for summary judgment. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 47, and the objections, ECF No. 48. I have reviewed the matter *de novo*.

I assume without deciding that the Department has a custom or policy that sometimes results in teeth being pulled that could more appropriately be crowned. I assume without deciding that this is unconstitutional and that, in an appropriate case, an injunction could be entered correcting the violation. Even so, Mr. Smith is not entitled to relief; this is not an appropriate case.

Mr. Smith's damaged tooth has been satisfactorily repaired. There is no reason to believe Mr. Smith suffered injury, or, more importantly, that Mr. Smith will in the future suffer injury, as a result of the Department's alleged custom or policy denying crowns to those who need them. Mr. Smith thus lacks standing to pursue this action for injunctive relief. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) (holding that a person who had been subjected to a choke hold in the past had no standing to seek injunctive relief against the city's practice

of using choke holds because there was not a "sufficient likelihood that he will again be wronged in a similar way"); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).

For these reasons,

IT IS ORDERED:

The plaintiff's claims are dismissed without prejudice for lack of standing. Except to this extent, all pending motions are denied. The clerk must enter judgment and close the file.

SO ORDERED on July 5, 2014.

s/Robert L. Hinkle<br>United States District Judge